[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff (Zampano) brought an action on March 12, 1990 CT Page 4799 for injuries suffered while in the employment of Globe Steel Erectors, Inc. of Morganville, New Jersey (Globe Steel). The plaintiff sued the general contractor, L. G. DeFelice, Inc. (DeFelice) alleging that DeFelice was in possession and control of the premises and had the non-delegable duty, owed to the plaintiff and to others, to provide a reasonably safe place for work to be performed thereon.
On February 28, 1991, DeFelice moved to implead Globe Steel and the motion was later granted by the court. DeFelice engaged a deputy sheriff from New Jersey to effect service. Globe Steel has moved to dismiss this action claiming that the service of process made in New Jersey on April 2, 1991, was insufficient.
The affidavit of service submitted by both parties indicates that the process was served in hand on "Andrea Lauro, Person-in-Charge, authorized to accept service at the usual place of business, at c/o Edward S. Rosen, 708 Ginesi Drive, Morganville, New Jersey." (See Exhibit "A" and Exhibit "1").
The third party defendant (Globe Steel) claims that this service was not in accordance with C.G.S. 33-411.
Globe Steel did not have a certificate of authority to transact business in the State of Connecticut. This places Globe Steel in violation of 33-395 and 396 of the laws of the State of Connecticut. Section 33-411 (b) C.G.S. authorizes suit against any foreign corporation which transacts business in violation of33-395 or 33-396 C.G.S.
Section 33-411 (d) C.G.S. designates the manner for service of process of a foreign corporation sued pursuant to 33-395 or 33-396 C.G.S. The secretary of state is deemed agent of the corporations in this state and service of process shall be made in accordance with 33-411(a).
The third party defendant chose not to proceed in accordance with this statute and opted to attempt service in the manner previously described. The third party defendant claims that 33-411 (e) C.G.S. allows service to be made in accordance with 52-57a
and 52-57 (c) C.G.S. Section 52-572 authorizes service outside the state of Connecticut in the same manner as service within the state. C.G.S. 52-57 (c) provides for service on a number of designated officials of a corporation or upon the agent of the corporation appointed pursuant to 33-400 of the C.G.S.
The third party plaintiff did not serve anyone in accordance with 33-411 (d).
Even assuming that service could be effected by the manner CT Page 4800 prescribed in 57-57(c) the third party plaintiff has not effected service on anyone designated in that statute.
The third party plaintiff has not effected service on any attorney in accordance with 33-400 (b) (1-4) of the C.G.S.
The third party plaintiff, according to the affidavit of service, served someone named Andrea Lauro, who is in charge of Edward S. Rosen's business in Morganville, New Jersey. This is insufficient service of process. Unless the service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction.
The Motion to Dismiss is granted.
THOMAS V. O'KEEFE, JR., JUDGE